IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Christopher Feaster, #20170675, ) | Civil Action No.: 1:18-cv-02705-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sheriff Steve Mueller; Cherokee ) | |
| Solicitor's Office; and Kim Lescanic, ) | |
| Cherokee County Assistant Solicitor, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 9), filed on October 10, 2018, recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance of service of process. (ECF No. 9 at 6.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein.

Briefly citing to the relevant facts, following a riot at the Cherokee County Detention Center on April 7, 2018, Plaintiff was charged with a disciplinary violation and was also served with an arrest warrant for participating in a riot, malicious damage to property, assault and battery by a mob, resisting arrest, and assault of an officer. (ECF No. 9 at 2.) Plaintiff claimed that the issuance of the arrest warrant violated his constitutional right. (*Id.*) More specifically, Plaintiff alleged double jeopardy and requested that the court dismiss all charges related to the arrest warrant. (*Id.*) Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1), alleging violations of his constitutional rights by Sheriff Steve Mueller, the Cherokee County Solicitor's Office, and Cherokee County Assistant Solicitor Kim Lescanic (together "Defendants") (ECF No. 1).

1

The Magistrate Judge determined that Plaintiff's claim did not implicate the double jeopardy clause. (ECF No. 9 at 2-3.) The Magistrate Judge ultimately recommended that Plaintiff's complaint be dismissed under the *Younger* abstention doctrine because (1) Plaintiff is involved in an ongoing state criminal proceeding, (2) "the States' interest in administering their criminal justice system free from federal interference is one of the most powerful considerations that should influence a court considering equitable types of relief," and (3) Plaintiff has the opportunity to present his double jeopardy claim in state court before, during, and after the disposition of his criminal charges. (ECF No. 9 at 4-5 (citing *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).) Because the circumstances surrounding Plaintiff's Complaint satisfied the three elements for abstention under *Younger* as determined by the United States Court of Appeals for the Fourth Circuit in *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994), the Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice and without issuance of service of process. (ECF No. 9 at 6.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were notified of their right to file objections on October 10, 2018. (ECF No. 9 at 7.) Neither party filed objections to the Magistrate Judge's Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and incorporates it herein by reference. For the reasons set out in the Report, it is therefore **ORDERED** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 19, 2018
Columbia, South Carolina